UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. ___2:21-cv-14145___

VIRGINIA EBANKS,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT,

    Defendant,
_____/

# COMPLAINT

**NOW COMES** VIRGINIA EBANKS, through her undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. VIRGINIA EBANKS ("Plaintiff") is a natural person whom at all times relevant resided at in Port Saint Lucie, Florida 34952.

6. MIDLAND CREDIT MANAGEMENT ("Defendant") is a debt collection agency with its principal place of business at 350 Camino De La Reina, #100, San Diego, California 92108.

7. Defendant specializes in debt collection and collects debts on behalf of others nationwide.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

9. At some point, Plaintiff applied for and was approved for a Synchrony Bank credit card.

10. Due to unforeseen financial difficulties, Plaintiff fell behind on her obligation ("subject debt").

11. Shortly thereafter, Defendant received the subject debt for collection.

12. On or around January 4, 2021, Plaintiff called Defendant regarding the subject debt.

13. Plaintiff and Defendant's representative had a conversation regarding the subject debt.

14. Plaintiff was attempting to gather information as to why Defendant was collecting a debt that she did not owe.

15. Specifically, Plaintiff verbally disputed the amount of the subject debt that Defendant was attempting to collect.

16. Frustrated, with Defendant's lack of willingness to listen and work with Plaintiff as she was disputing the subject debt, Plaintiff terminated the call.

17. Fast forward to March of 2021; Plaintiff obtained a copy of her credit report and noticed that Defendant had reported the subject debt to her credit.

18. Plaintiff also noticed that the amount that she verbally disputed with Defendant was not marked as disputed on her credit report.

19. In fact, Plaintiff noticed that Defendant had updated the subject debt on Plaintiff's credit report on March 16, 2021 and still did not mark the subject debt as disputed.

20. Concerned with having had her rights violated, including but not limited to, false credit information being reported to the credit bureaus, Plaintiff reached out to counsel regarding this matter.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1692

21. Paragraphs 9 through 20 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a. **Violation(s) of 15 U.S.C. § 1692e**

22. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

23. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

24. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it failed to report the subject debt as disputed on Plaintiff's credit reports after Plaintiff disputed the debt on or around the January 4, 2021 phone call.

25. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it updated information regarding the subject debt on March 16, 2021 and still failed to notate that the subject debt was disputed.

WHEREFORE Plaintiff, VIRGINIA EBANKS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

26. Paragraphs 9 through 20 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.  Violation(s) of Fla. Stat. § 559.72(6)

27. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.

Fla. Stat. § 559.72(6).

28. Defendant violated Fla. Stat. § 559.72(6) by reporting the subject debt to the credit bureaus without marking it as disputed.

29. Defendant further violated Fla. Stat. § 559.72(6) when it updated information regarding the subject debt on March 16, 2021 and still failed to notate that the subject debt was disputed.

30. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(6) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, VIRGINIA EBANKS, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(6);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: March 26, 2021                    Respectfully Submitted,

**VIRGINIA EBANKS**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com